**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TOUMA TOUMA,

           Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

           Respondent.

No. 08-71028

Agency No. A077-993-293

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

Touma Touma, a native and citizen of Syria, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for withholding of removal and protection

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

In his opening brief, Touma fails to challenge the agency's dispositive determination that his asylum claim was time-barred.

Substantial evidence supports the agency's determination that any discrimination Touma may have experienced on account of his Christian religion did not rise to the level of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (record did not compel finding that Ukrainian Pentecostal Christian who was "teased, bothered, discriminated against and harassed" suffered from past persecution).

In addition, substantial evidence supports the agency's determination that Touma failed to establish a nexus between the persecution he fears from his creditors or the Syrian government and a statutorily protected ground. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005) (persecution as a result of a debt was not on account of a protected ground). Accordingly, Touma's withholding of removal claim fails.

Substantial evidence also supports the agency's finding that Touma failed to establish a clear probability that he would be persecuted on account of his Christian religion on return to Syria. *See Hakeem v. INS*, 273 F.3d 812, 816-17

(9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident, . . . or when the applicant has returned to the country without incident.") (internal citations omitted).

Finally, substantial evidence supports the agency's denial of Touma's CAT claim because he failed to show it is more likely than not that he will be tortured if returned to Syria. *See Wakkary,* 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**